UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAT'S NO MOON ENTERTAINMENT INC., a Delaware corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL MUMBAUER, an individual,<br><br>　　　　　　　　Defendant. | Case No. 2:26-cv-00542<br><br>**[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION** |

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

The Court has considered the Application of Plaintiff That's No Moon Entertainment Inc. ("TNM") for a Temporary Restraining Order ("TRO") and Order to Show Cause Why Preliminary Injunction Should Not Issue based on Defendant Michael Mumbauer's use of and interference with TNM's access to 13 domains that contain TNM's trademarks and of which TNM claims ownership, including: ThatsNoMoon.com; TNMgames.com; TNMstudios.com; ThatsNoMoonent.com; ThatsNoMoonInc.com; ThatsNoMoonTV.com; ThatsNoMoonfilm.com; ThatsNoMoonfilms.com; TNMinteractive.com; TNMproductions.com; ThatsNoMoonGames.com; ThatsNoMoonInteractive.com; and ThatsNoMoonEntertainment.com (collectively, "TNM Domains").

Having considered all pleadings and papers on file herein, and any oral argument presented, the Court finds that TNM is likely to prevail on the merits of its claims against Defendant, that a TRO is necessary to prevent immediate and irreparable injury to TNM, that the balance of hardships favors TNM, and that the public interest favors injunctive relief. Accordingly, this Court enters the following orders:

**IT IS HEREBY ORDERED** that Defendant appear and show cause on the ____ day of _____ 2026 at _____, in the courtroom of _____, located at 350 West 1st Street, Los Angeles, California 90012, why an order should not issue granting a preliminary injunction enjoining Defendant, his agents, representatives, or assigns and all persons who are in active concert or participation with him who receive actual notice of such injunction during the pendency of this litigation:

1. From any use of any of the TNM Domains.
2. From directing any of the TNM Domains to any other website or posting any content on the TNM Domains.
3. To desist unauthorized access to and control of the TNM Domains, including by transferring the TNM Domains to Plaintiff TNM.

    4. Not to otherwise sell, transfer, alter, or otherwise dispose of the TNM registrations to any entity other than TNM.

    5. To desist any other interference with TNM's access to any of the TNM Domains.

**IT IS FURTHER ORDERED** that sufficient reason having been shown therefore, pending the _____ hearing and subject to further extension by the Court (the "TRO Period"), pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendant, his agents, representatives, or assigns and all persons who are in active concert or participation with him who receive actual notice of this Order are temporarily restrained and enjoined as follows:

    1. To make no further use of the TNM Domains during the TRO Period.

    2. Not to direct the TNM Domains to any website or post any content on the TNM Domains during the TRO Period.

    3. Desist unauthorized access to and control of the TNM Domains, including by transferring the TNM Domains to Plaintiff TNM, pending further order of the Court.

    4. Not to otherwise sell, transfer, alter, or otherwise dispose of the TNM registrations to any entity other than TNM, during the TRO Period.

    5. To desist any other interference with TNM's access to any of the TNM Domains, during the TRO Period.

**IT IS FURTHER ORDERED** that TNM shall serve a copy of this Order and the papers upon which it is granted on Defendant via the following means: email, and overnight courier, which shall be deemed good and sufficient service and notice thereof. Defendant has not identified any specific costs of damages that may accrue to him, and accordingly, no bond is required at this time.

1  **IT IS SO ORDERED.**

3  Dated: _____

4  United States District Judge